J-S16003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNON PATILLO | : | |
| | : | |
| Appellant | : | No. 1143 EDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0901081-2005,
CP-51-CR-0901091-2005

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                  **FILED AUGUST 19, 2020**

Appellant, Vernon Patillo, appeals *pro se* from the Order entered March 15, 2019, dismissing as untimely his first Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  We affirm.[1]

On June 12, 2007, Appellant pleaded guilty to four counts of Robbery, one count of Conspiracy, and one count of Persons Not to Possess Firearms.[2] The trial court sentenced Appellant to an aggregate term of fifteen to thirty years of incarceration.  We affirmed the Judgment of Sentence.

---

[1] Previously, this Court stayed disposition of this matter, pending resolution of several cases certified for our *en banc* review.  **See** Order, 3/24/2020. Those cases are now resolved.  We therefore lift the stay and proceed to address this appeal.

[2] 18 Pa.C.S. §§ 3701, 903, and 6105, respectively.

*Commonwealth v. Patillo*, Nos. 1664 EDA 2007, 2032 EDA 2007, unpublished memorandum (Pa. Super. filed June 25, 2008). Appellant did not seek discretionary review in the Supreme Court of Pennsylvania.

On February 12, 2014, Appellant *pro se* filed a Petition seeking modification of his sentence *nunc pro tunc*. The lower court summarily denied relief without appointing counsel. *See Commonwealth v. Patillo*, No. 894 EDA 2017 at *2, unpublished memorandum (Pa. Super. filed August 3, 2018).

On August 23, 2014, Appellant *pro se* filed a second Petition, expressly seeking collateral relief under the PCRA and challenging the validity of his plea. The PCRA court appointed counsel but thereafter denied relief without a hearing and granted counsel leave to withdraw. *Id.* Appellant timely and *pro se* appealed. Upon review, this Court determined that the lower court had erred in failing to recognize that Appellant's first Petition, seeking a modification of his sentence, was also cognizable under the PCRA and that, therefore, Appellant had been entitled to counsel. *Id.* We vacated the PCRA court's determination and remanded with instructions that the court appoint counsel to assist Appellant in litigating all of his claims. *Id.* at 3.

Upon remand, the PCRA court appointed counsel. After reviewing claims raised in both of Appellant's Petitions, counsel filed a *Turner*/*Finley*[3] letter,

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

asserting that Appellant's claims were without merit and seeking leave to withdraw.[4] On March 15, 2019, the PCRA court denied Appellant relief and granted counsel leave to withdraw.

Appellant timely appealed[5] and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive Opinion.

Appellant limits his appeal to several substantive claims challenging the validity of his guilty plea. **See** Appellant's Br. at 4.[6] According to Appellant, the Commonwealth failed to present a factual basis supporting all of the charges against him. Because plea counsel did not inform him of this error,

_____

[4] Appointed counsel addressed claims raised in both of Appellant's Petitions. **See** Letter, 11/5/18, at 3-7 (concluding that Appellant's claims were untimely, that Appellant could not establish an exception to the PCRA's timeliness requirements, and that both his sentencing and guilty plea claims were without arguable merit).

[5] Appellant filed a single Notice of Appeal identifying the two criminal dockets relevant to this case: CP-51-CR-0901081-2005 and CP-51-CR-0901091-2005. This is a violation of Pennsylvania Rule of Appellate Procedure 341(a). **Commonwealth v. Walker**, 185 A.3d 969, 976-77 (Pa. 2018) (requiring a separate notice of appeal filed for each docket relevant to an appeal). However, we may overlook the requirements of **Walker** when a violation of the Rule is due to a breakdown in the judicial system. **Commonwealth v. Larkin**, --- A.3d ---, 2761 EDA 2018 at *4-6 (Pa. Super. filed July 9, 2020) (en banc). Instantly, the PCRA court's March 15, 2019 Order denied collateral relief at both criminal dockets but informed Appellant that he had thirty days "to file **an** appeal" to this Court. PCRA Ct. Order, 3/15/19 (emphasis added). This constitutes a breakdown in the judicial system because the PCRA court's language does not sufficiently inform Appellant that he must file separate notices of appeal, one for each criminal docket. **See Larkin** at *6. Accordingly, we need not quash this appeal.

[6] Appellant has abandoned the claims raised in his first Petition challenging the legality of his sentence. **See generally** Appellant's Br.; Pa.R.A.P. 1925(b) Statement, 5/3/19.

Appellant further asserts that counsel was ineffective and that his plea was unknowing and involuntary. *See* Appellant's Br. at 7-9.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).

Initially, we must address the timeliness of Appellant's Petition, as it implicates our jurisdiction. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). There are three statutory exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). "[I]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). This burden "necessarily entails an acknowledgment" that the petition is untimely. *Id.*

One of Appellant's claims challenges the stewardship of counsel. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Appellant's Judgment of Sentence became final on July 25, 2008, thirty days after this Court affirmed his Judgment of Sentence. *See* 42 Pa.C.S. §

9545(b)(3); Pa.R.A.P. 1113(a) (affording appellants thirty days to appeal from an order of the Superior Court). Appellant had until July 27, 2009, to file a PCRA petition.[7] Appellant filed his first Petition on February 12, 2014, nearly five years late.[8] Thus, Appellant's claims are patently untimely.

Appellant acknowledged that his substantive claims challenging the validity of his plea were untimely and asserted that he was entitled to rely on the newly discovered facts exception under Section 9545(b)(1)(ii). **See** Petition, 8/23/14, at 3 (referencing a victim statement that allegedly undermined the factual basis of some charges against Appellant).

This exception affords the PCRA court jurisdiction where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence demands the petitioner to take reasonable steps to protect [his] own interests." **Commonwealth v. Shiloh**, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). It requires "neither perfect vigilance nor punctilious care" but does require "reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Smith**, 194 A.3d 126, 134 (Pa. Super. 2018) (citation omitted); **Shiloh**, **supra** at 558.

---

[7] July 25, 2009 fell on a Saturday. **See** 1 Pa.C.S. § 1908.

[8] For ease of analysis, and in the interest of judicial economy, we consider the date on which Appellant filed his first Petition to be when Appellant first sought collateral relief under the PCRA and deem his second Petition to be a supplement to his first.

Upon review, the PCRA court rejected Appellant's assertion that the newly discovered facts exception accorded it jurisdiction to consider Appellant's substantive claims. PCRA Ct. Op., 6/24/19, at 6 (unpaginated). Observing that the victim statement referenced by Appellant originated in 2005, the court determined that Appellant could have secured a copy of this statement earlier if he had exercised of due diligence. *Id.*

We discern no legal error in the PCRA court's determination. Appellant has provided no evidence or rationale—either to the PCRA court or to this Court on appeal—that supports a finding that Appellant exercised due diligence in pursuing his substantive claims. *See generally* Appellant's Br. The 2005 victim statement referenced by Appellant was available long before Appellant pleaded guilty in 2007. Yet, apparently, Appellant made no effort to secure evidence favorable to his claims prior to 2014. While we do not require that a petitioner exercise perfect vigilance or punctilious care, Appellant did not take reasonable steps to protect his interests. Thus, Appellant has not proven the newly discovered facts exception applies.

Accordingly, because Appellant's claims for collateral relief are untimely and Appellant has not proven the applicability of any of the PCRA's timeliness exceptions, we lack jurisdiction to review the merits of his claims.

For these reasons, we affirm the Order of the PCRA court.

Stay lifted; Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/19/2020*